Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 830-1385
(800) 536-1071 facsimile
izorea.law@gmail.com

In The United States District Court

For The District of Alaska

| | |
|---|---|
| Darrel VandeWeg,<br><br>    Plaintiff,<br><br>v.<br><br>Salcha Fire & Rescue, Inc.,<br><br>    Defendant. | Case No. 4:24-cv-00011 |

## COMPLAINT

COMES NOW, Darrel VandeWeg, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION AND VENUE

1.1. Jurisdiction is proper because Plaintiff seeks remedies for violations of the Fair Labor Standards Act of 1938, (29 U.S.C. § 201 et seq.), a federal statute.

1.2. Venue is proper in the United States District Court for Alaska because the events giving rise to this action occurred with the State of Alaska, Fourth Judicial District. See 28 U.S.C.A. § 1402(b).

## II. FACTS

2.1. Darrell VandeWeg started work for Defendant Salcha Fire & Rescue, Inc., on April 2, 2018. He was originally hired as a FF/Medic/Driver. This position was non-exempt from overtime pay requirements under the Fair Labor Standards Act (FLSA) and he was fully paid for his overtime work.

2.2 On April 1, 2021, Darrel VandeWeg was hired to a new job with Defendant Salcha Fire & Rescue, Inc.. His new job held the title of "Fire Chief." This new job had a starting hourly wage of $33.85 hr.. This new job did not denote whether he was FLSA exempt or non-exempt. He was not paid for the overtime work that he performed, despite asking for payment.

2.3. During the duration of his employment with Salcha Fire & Rescue, Inc., Mr. VandeWeg's primary duty as Fire Chief was the prevention, control, extinguishment, of fires within the Salcha coverage area. Additionally, Mr. VandeWeg had as a primary duty the performance of medic duties and acting as primary point of contact for all emergency calls.

2.4. During the duration of his employment with Salcha Fire & Rescue, Inc., Mr. VandeWeg had as a secondary duty the responsibility for training, directing and preparing a number of volunteer fire fighters and the overseeing of a budget.

2.5. During the duration of his employment with Salcha Fire & Rescue, Inc., Mr. VandeWeg was a subordinate to the President of Salcha Fire & Rescue, Inc., and also a subordinate to its Board of Directors. The President and Board of Directors for Salcha Fire & Rescue, Inc., had the ultimate control and authority over the management and operation of the entity.

2.6. Between April 1, 2021 through to November 30, 2023, Mr. VandeWeg worked approximately 1,802 hours of overtime work, for which he was not compensated.

2.7. At all times during his employment, Salcha Fire & Rescue, Inc., had actual and constructive knowledge that Mr. VandeWeg had as his primary duty as Fire Chief the prevention, control, extinguishment, of fires within the Salcha coverage area. Additionally, it had actual and constructive knowledge that he Mr. VandeWeg had as a primary duty the performance of medic duties and acting as primary point of contact for all emergency calls.

2.8. It is well known and widely understood that an employee who has as his primary duty, regardless of his job title, responsibility for the prevention, control, and/or extinguishment of fires should be classified as a non-exempt employee, entitled to overtime payments under the FLSA.

2.9. It is well known and widely understood that an employee who has as his primary duty, regardless of his job title, the performance of medic duties and the duty to act as primary point of contact for all emergency calls should be classified as a non-exempt employee, entitled to overtime payments under the FLSA.

2.10. The Defendant, Salcha Fire & Rescue, Inc., failed to compensate Mr. VandeWeg for the overtime hours that he worked between April 1, 2019 through to December 1, 2023. As a result, the Defendant is obligated to pay Mr. VandeWeg for these unpaid overtime hours that he worked. Additionally, the Defendant should be liable up to three years of unpaid wages, as permitted under the FLSA.

## CAUSE OF ACTION

A. **VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, (29 U.S.C. § 201 ET SEQ.).**

3.1. Darrel VandeWeg incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.10.

3.2. Plaintiff Darrel VandeWeg alleges that he worked regular and overtime hours for his employer, Salcha Fire & Rescue, Inc., that were not paid at a one and one-half overtime rate.

3.3. Darrel VandeWeg alleges that he worked approximately 1,802 unpaid hours of between April 1, 2021 through to November 30, 2023.

3.4. Plaintiff Darrel VandeWeg alleges that during the time that he worked as Defendant Salcha Fire & Rescue, Inc.'s Fire Chief his primary duty was the prevention, control, and extinguishment of fires within the Salcha coverage area. Additionally, Mr. VandeWeg had as a primary duty the performance of medic duties and acting as primary point of contact for all emergency calls.

3.5. Plaintiff Darrel VandeWeg alleges that Salcha Fire & Rescue, Inc. willfully failed to pay him for the overtime hours that he worked and by doing so, it violated the Fair Labor Standards Act, 29 U.S.C. § 201 (et seq.).

3.6. Plaintiff Darrel VandeWeg alleges that by intentionally failing to pay him regular and overtime compensation when required to do so, Salcha Fire & Rescue, Inc acted wilfully such that it is appropriate that the statute of limitations on this suit be expanded, pursuant to 29 U.S.C. § 255, to three years.

3.7. Plaintiff Darrel VandeWeg alleges that during the last three years he worked over 1,802 overtime hours, for which Defendant Salcha Fire & Rescue, Inc., deliberately refused to pay. Demand is now made of the unpaid overtime pay for these hours worked.

3.8. Further, Plaintiff Darrel VandeWeg alleges that given the fact that Defendant Salcha Fire & Rescue, Inc.'s failure to pay him for the overtime hours he worked was not a decision made in good faith, Mr. VandeWeg requests that he be awarded liquidated damages on the full amount of his overtime hours.

3.9. For Defendant Salcha Fire & Rescue, Inc.'s violations of the Fair Labor Standards Act, Darrel VandeWeg seeks all damages available under law, including actual attorney fees and prejudgment interest, and liquidated damages.

**PRAYER OF RELIEF**

WHEREFORE, Plaintiff, Darrel VandeWeg, requests judgment against Defendant Salcha Fire & Rescue, Inc., as follows:

1. Full and complete payment of all unpaid regular and overtime compensation that Defendant Salcha Fire & Rescue, Inc. owes to Darrel VandeWeg for the over-time hours he worked performed for defendant;

2. Payment by Defendant Salcha Fire & Rescue, Inc., to Darrel VandeWeg of all penalties permitted against it, specifically pursuant to 29 U.S.C. § 216(b), but additionally any penalties and/or liquidated damages permitted under Federal law;

3. Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act, and all permitted prejudgment interests on the unpaid wages.

4. Plaintiff Darrel VandeWeg further seeks such other relief as the court may deem just and proper based on the egregious nature of Defendant's conduct.

Dated: April 3, 2024

S/ Isaac Zorea
Law Offices of Isaac D Zorea
P.O. Box 90844
Anchorage, AK 99509
Telephone: (907) 830-1385
Facsimile: (800) 536-1071
E-mail: izorea.law@gmail.com